I think we have in mind the whole posture and the substance underlying the claims, and you can get to the legal issue of where you think the judge made a mistake, because we've now, like we do always in these bankruptcy cases, we take a bit of time to straight out the procedure and make sure we understand it, and I think we've all done that. Very good. Thank you, Your Honors. Good morning. My name is Brian Davidoff. I'm here representing RW Squared, which is the claimant in the underlying bankruptcy case, the appellant here. Your Honors, let me say at the outset, my belief is that if this court affirms the bankruptcy court's thinking on the way proofs of claim need to be filed, it's going to change the practice entirely. It's going to require every lawyer who files a proof of claim at the time of the filing of the proof of claim to run out and get evidence, maybe even expert evidence, declarations, and volumes of paper in all but the most simple cases. The legal issue, the principal legal issue in this case is whether or not the bankruptcy judge failed to give the proof of claim the prime facie validity effect that we believe that it should have attained. It is interesting when you go through the bankruptcy court's reasonings, the court changes its reasoning a little as the various hearings go on. At the first hearing, which is the claim objection hearing, the judge first says that the burden was on my client to prove that there was a breach, a breach. Now, this is notwithstanding that the court had already rejected the contract, and we pointed out in our papers that rejection under bankruptcy law automatically is a breach by operation of law. So I think it's plain error for the judge to say, well, the burden is on us to show that there's a breach, error number one. Then the court goes on to say at the claims objection hearing that the proof, there must be a showing in the proof of claim, to use the court's language, a showing has to be made to make a prime facie showing of allowance. And then the court finds that, based upon the proof of claim, that we hadn't shown in the proof of claim that there was proximate cause. That's the first reason of the bankruptcy court. At the motion for reconsideration, the court shifts its reasoning slightly. And at that hearing, and this is in the excerpt of record, page 224, the court says, no, the reason why you don't get to prime facie allowance is because you haven't attached records sufficient to show the amount. And the court uses an invoice as an example and says you've really got to, the court's thinking is you've got to have something on which the face of the document shows the amount. At the time of the stay motion, which we requested from the trial judge, the court seems to stick with the documentation approach. That is that you've got to have documents which show the amount of the claim. I submit, Your Honors, that that is plain error upon the reading of the Federal Rule of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 3001F says if you file a proof of claim in accordance with the rules, that it is deemed valid as to both liability and amount, no more. Now, it is interesting because the the my opponent will argue that you had to do more. You had to attach almost a pleading-style document to your proof of claim, which sets forth all the elements in order to get to the prime facie allowance standard. Number one, the rule doesn't say that. But number two, I think what is very interesting is that where separate evidence is required, the rules say so. For example, Rule 3001D is a rule that says if what you're relying on is a perfected security interest, then you must attach evidence to show the perfection. When you read that in distinction to Rule 3001F, it just says that a proof of claim filed in accordance with these rules is deemed allowed. Excuse me. It's prime facie evidence of its validity and amount. It doesn't require any independent evidence. The cases, I believe, Your Honor, are legion, that you don't have to have independent evidence. The Lundell decision, this Court's probably seminal Ninth Circuit decision on proofs of claim, makes it clear that the proof of claim, if filed in accordance with the rules, does have that prime facie allowance validity. Well, I think what we said in Holm is that if the allegations in the proof of claim set forth all the necessary facts to establish a claim and are not self-contradictory, then they make a prime facie case. And what I read the bankruptcy court to have said is that there were insufficient facts to show a breach before the breach by operation of law, for one. And then there were problems with causation as well. That is correct, Your Honor. There's two questions. The one the Court raises is what the bankruptcy court said. The other one is Holm. I think that the statement in Holm, my opponent reads too much into that. It is true that Holm does say set forth all the necessary facts and not be self-contradictory. But it's interesting that in Holm, the Court sustained the proof of claim over the objection of the debtor, and the document that was attached to the proof of claim was a jury verdict. The verdict, which is attached to the proof of claim, that was the only document, doesn't set forth all elements of a claim. It's an ultimate conclusion. I think one reads into that single sentence in Holm way too much. The fact is, when you look at all the other cases, Holm is out there standing alone, saying that you do have a bankruptcy court decision, which my opponent relies on as well, called INRAE-COLT, which stands for debt proposition. But in COLT, what was happening was that the Merrill Lynch in this case was relying on a proof of claim in an ancillary adversary proceeding. It wasn't a claims litigation proceeding. It was a different issue in COLT. And the Court does say something similar to Holm. But the fact is that in the Court reviews, which I know the Court has done, Garner – there's three recent Ninth Circuit cases all within the last ten years. There's at least three back cases. All of them say that the proof of claim standing alone has prima facie validity. It is interesting, Your Honor, if one is to look at, for example, the strand at the bankruptcy judge uses, saying that you have to have documents which show the amount. The consolidated mortgage decision, which is a Ninth Circuit-backed decision, that case, the Court says, once you attach the document upon which the proof of claim is based, the purpose of that rule is that you are then entitled to refrain from presenting any other evidence. That's, in fact, what the case says. And that's what Rule 3001C says. It says, if you intend to rely on a document, you must attach the document. But it doesn't say, as what the bankruptcy judge did here, what kind of document. In other words, it has to be a document that from the face of it you see a dollar amount. It just simply says attach the document. Well, it can't mean any document. I mean, if I attach this picture from the last case, that's a document. No. The document upon which you rely, obviously. But so you're saying you could have an attorney's note that says, I added up everything and it's $1.3 million. No, I don't believe that. I don't believe that that would be appropriate, Your Honor. Obviously, that isn't the case here. The contract upon which we relied, the management services agreement, was attached. The question becomes, then, is more supposed to be attached? And that is not certainly what consolidated mortgage, the back decision, says. And it isn't what Rule 3001c says. Rule 3001c doesn't make a distinction between you must attach documents which show with specificity the amount. It's interesting, Your Honor, that the argument or the statement by the bankruptcy court of an invoice as an appropriate document to attach, that's the actual example the bankruptcy judge uses. But that in and of itself doesn't really work, because while even an invoice may show an amount, it doesn't show all the other elements of a contract. It doesn't show whether the goods have been delivered. It doesn't show whether they are conforming. It doesn't show whether they were delivered timely, et cetera. So I think the statement by the bankruptcy court that an invoice would work when a contract won't is simply not a good example. If the court accepts the proposition, which I think in my view is inescapable, that a proof of claim, when filed in accordance with the rules, is deemed allowed, then the only time that the burden is then placed back on the moving party is if there is an appropriate objection. And the question is whether the debtor in this case raised an appropriate objection. What the bankruptcy court said is that all the debtor has to do is point out the deficiency. Well, if the cases are clear to my mind that say that the proof of claim is given prima facie allowance, the cases are even clearer that if you intend to object to a proof of claim, you must come forward with evidence. The issue in this case was the bankruptcy court found there was insufficient proximate cause evidence, notwithstanding the fact that the proof of claim is deemed to have stated that just by operation of law. So then the burden is on the objecting party to come forward with evidence. It's a light standard. We understand that. The cases are designed that way. In fact, the one case that we cited to the Court in our Rule 28J letter, the Heath case, that was a case where the issue was what information does a credit card company need to attach to its proof of claim to have this prima facie allowance. And in that case, the debtor argued, well, they don't only need to attach the underlying agreement, they need to attach all of the documents. And the Court said no. The purpose of a proof of claim is to provide a speedy and inexpensive process. But likewise, likewise, the burden on the opposing party is equally light. All the opposing party needs to do is come across and say, I deny. The problem is that that is not in the record. There is nothing in the record where the debtor actually introduces evidence saying, I deny. Now, there's lots of legal arguments. The briefs were thick. The bankruptcy court rejected all the legal arguments, both sides, both my client's side and the other side. But what we got down to ultimately was the question of was there proximate cause and what were the damages. And what did you ultimately have in the record? You had the proof of claim, which is given its deemed validity effect. You had the attachment to the proof of claim, which was this explanatory statement, which, to my mind, we went beyond what was required in the proof of claim. You had the contract, and you had the judge's order rejecting the agreement, which by operation of law is a breach. On the opponent's side, on my opponent's side, what did you have? You had one declaration of which there is potentially one paragraph, paragraph 26 in Mr. Yeager's declaration, none of which goes to future damages. All he says was that my client was adequately compensated by 40 percent of the revenues. Well, we agree. We were adequately compensated by 40 percent of the revenues that had been paid to us. But we wanted to continue to receive those revenues through the term of the agreement. And the agreement was interrupted by the rejection, and the rejection is a breach. There are some other issues, Your Honor. Your Honor, you know, I — the two other issues which we raise in the brief is the judge's decision on my attempt to make an offer of proof. I think it was an abuse of discretion. I think it was unfair. If you look at the circumstances in which that came about, the objection to the proof of claim — excuse me, the objection to our evidence, the evidence on the proof of the Newman Declaration, but the objection to the Newman Declaration came about in their reply papers. Obviously, under our local rules, we don't have any ability to file a supplemental paper. In my opening argument, I say to the judge, there's a lot of issues, Your Honor. Can you direct me? What are your concerns? The judge declines that invitation. We finish our argument. At the end of the argument, the judge rules on the evidentiary rulings. And then when it all turns on whether or not this compilation of numbers, I say to the court, give me a chance, let me make an offer of proof, the judge says no. I think that is an abuse of discretion, Your Honor. I wasn't trying to introduce new evidence. I was simply trying to lay a foundation. Is it improper under those circumstances to lay a foundation? Wouldn't it rather be appropriate for the court to hear the evidence as it should be? The final issue we raise is on the reconsideration motion. I'll address that in reply if the court will permit. Thank you. Thank you. Your Honors, good morning. Louis Landau for the affiliate. Your Honors, I'll be very brief. As a matter of policy, I don't believe that the ruling in this case will change any bankruptcy policy whatsoever. Because of the nature of the claim at issue and the facts of this case. And it starts with looking at the proof of claim. The proof of claim, and I think that this is what ultimately the appellant's problem derives from, started out as a shotgun approach to a claim. It asserted six different varieties of claims, some past, some present, some future. And then didn't connect up what the claim was for except to say that the debtor owes them at least a million for, based upon six different varieties of potential claims. And I think that's at the heart of what the problem was with this claim. And what caused a focus problem. Because if the claim was focused from the beginning and was adequately presented from the beginning as a certain variety of claim, such as what we see in the case as many times as a judgment. A judgment is entered, a judgment gets attached to the claim, the claim gets filed, it's a good claim. It's not what we have here. We have an unliquidated claim under a variety of theories. And while there's much discussion in the paper about prima facie standards for the claim itself, the appellant had its opportunity. This ultimately went to an evidentiary hearing. Substantial papers were filed with the bankruptcy court. Everyone had their chance. And ultimately, there were evidentiary objections sustained, and the matter was determined. So even if you move beyond the technical issues with prima facie on the proof of claim, everyone had their chance. I've heard the appellant argue that there wasn't a chance to deal with the evidentiary objections, that's not quite right. There were evidentiary objections made to the declaration that ultimately fell out of the trial, which was their problem, and there was no response thereto. So there was warning that there was objections to that evidence. Again, Your Honors, I would submit primarily on the briefs unless Your Honors have questions for me. There is no change in bankruptcy policy that falls out of this case. This is a case that is ultimately decided on its facts and has problems because of the shotgun approach taken in the claim. Thank you. Thank you, Your Honors. A couple comments in response. The claim of the shotgun approach, I believe, is a misnomer. The fact that my client included a variety of breaches which we believed were there and which the bankruptcy court rejected, one of those breaches that we claimed was also the rejection. If my opponent was correct in saying that you couldn't allege multiple theories of breach, he would be saying that you have to do something more than the Federal Rules of Civil Procedure require. Even the Federal Rules of Civil Procedure allow you to plead inconsistent theories. He would be saying you have to pick your poison and you can't go any other way. That just makes, with respect, no sense. The one other point that is said is that we had an opportunity. I agree we had an opportunity. The question is, at the opportunity that we had at the hearing on the claim objection, did the bankruptcy court properly give legal effect to the proof of claim? And if the bankruptcy court had done that, it's clear that when you consider the evidence that was at the claim objection hearing, even without regard to the Newman Declaration, even without regard to the Cohn Declaration, that there was evidence by reason of the proof of claim, by reason of the attachment of the proof of claim, and there was nothing on the other side. I believe that the answer to that, Your Honor, is inescapably that the bankruptcy judge was respectfully wrong. Thank you. Thank you. I thank both counsel for your arguments this morning. HY squared versus RW squared is now submitted.
judges: Hall, McKeown, Wardlaw